UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Katherine Marie Sherrit,　　　　　　　　　Case No. 24-42642
　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　Judge Thomas J. Tucker

　　　　　　　　　　Debtor.
_____/

## TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO RECOVER POSSESSION OF REAL PROPERTY

　　Karen E. Evangelista ("Trustee"), in her capacity as Chapter 7 Trustee for the bankruptcy estate of Katherine Sherrit, hereby files her "Trustee's Motion for Order Authorizing Trustee to Recover Possession of Real Property (the "Motion"). In support of the Motion, the Trustee states as follows.

　　1.　　Katherine Marie Sherrit ("Debtor") filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on March 18, 2024.

　　2.　　Chapter 7 Trustee Karen E. Evangelista ("Trustee") brings this motion under 11 U.S.C. §§ 105, 541, and 542; and Fed. R. Bankr. P. 9014.

　　3.　　This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(O) and 1334.

　　4.　　Property of the estate consists of, among other things, real property commonly known as 648 W. Hazelhurst St., Ferndale, MI 48220 ( the "Property"),

which the Trustee obtained by way of a judgment avoiding a pre-petition transfer by the Debtor (**Exhibit 4**, the "Judgment").

5. Under the Judgment, the Trustee avoided a transfer of the Property under 11 U.S.C. §544 and 548, recovered the Property under 11 U.S.C. §550, and preserved for the estate under 11 U.S.C. §551.

6. Upon information and belief, the Debtor, her minor child, and MarshaLee Dunkley, may have possession of or otherwise reside in the Property.

7. The Trustee has an agreement to allow for the sale of the Property pursuant to a surcharge agreement with the holders of two asserted secured claims. Docket No. 89.

8. The Trustee believes that it is in the best interest of the estate to sell the Property.

9. Property of the estate is broadly defined in the bankruptcy code as "all legal and equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

10. Property of the estate also consists of "property that the trustee recovers under section…550" and "property preserved for the benefit of…the estate under section…551". 11 U.S.C. 541(a)(3) and (4).

11. The Trustee may use, sell, or lease property of the estate. *See* 11 U.S.C. § 363(b).

2
24-42642-tjt    Doc 94    Filed 12/19/24    Entered 12/19/24 11:27:15    Page 2 of 19

12. The Property is property of the bankruptcy estate that the Trustee may use, sell, or lease under 11 U.S.C. §§ 541 and 363(b).

13. Anyone in possession, custody, or control of property of the estate must deliver to the Trustee and account for property of the estate or the value of such property. *See* 11 U.S.C. § 542.

14. In addition, the Debtor is required to deliver and turnover the Property to the Trustee and vacate the residence. *See* 11 U.S.C. § 542. See also, *In re Bolden* 327 B.R. 657 (Bankr. C.D. Cal. 2005), *In re Broughton*, 2018 U.S. Dist. LEXIS 171118 (E.D. N.C., October 2, 2018)(Debtor forced to vacate), *Madatian v. Goldman (In re Madatian)*, 2019 Bankr. LEXIS 372, 2019 WL 545679 (9th Cir. BAP 2019)(same).

15. Courts may issue writs of possession and other orders under 11 U.S.C. §105(a) to enforce turnover orders. *See e.g.*, *In re Machevsky,* 221 Bankr. LEXIS 31, *5–6 (Bankr. C.D. Cal. 2021) (discussing a writ of possession issued to enforce a turnover order), and *In re Toledano*, 299 B.R. 284, 299 (Bankr. S.D. N.Y. 2003) (authorizing the trustee to direct the United States Marshal Service to effectuate the eviction of occupants from premises.)

16. After entry of the Judgment, the Trustee sent her realtor to the Property to ascertain the status of the Property.

17. After knocking, a person came to the door without opening it and interacted with the Trustee's realtor. The realtor introduced himself as the Trustee's realtor and asked who was residing in the property. The speaker, based on her voice alone, appeared to be that of an older woman. It is possible the woman was MarshaLee Dunkley, the woman the Debtor fraudulently transferred the Property to and from whom the Trustee recovered the Property. Rather than indicate that the realtor was their mistakenly, or that the occupants were otherwise authorized to be there, this woman simply advised the Trustee's realtor that the "owner" did not want to speak with him.

18. The Trustee, through counsel, sent a demand letter to the Debtor (in the form of an email sent to the Debtor's known email address) demanding that she immediately vacate the Property, or in the alternative, make arrangements for her prompt and orderly departure. Despite the existence of multiple publicly available documents referencing the Property as her current residence, the Debtor responded by insisting that she does not now, nor has she ever, resided in the Property.

19. The Trustee, through the Motion, seeks an order determining that she is entitled to possession of the Property and that any occupant must vacate the Property on the terms of the attached Order.

20. If the Motion is granted, rather than utilize the services of the U.S. Marshal to evict any occupant who does not timely vacate the Property, the Trustee

intends to enforce the order for possession through the eviction process of the State of Michigan.

21. The Trustee requests that this Court grant the Motion and enter an order in the form attached and grant such further relief as the Court deems appropriate.

|  |  |
|---|---|
| | **THE TAUNT LAW FIRM** |
| Dated: December 19, 2024 | /s/ Dean R. Nelson, Jr.<br>Dean R. Nelson, Jr. (P70818)<br>Attorney for Trustee<br>700 E. Maple Rd., 2nd Floor<br>Birmingham, MI 48009<br>(248) 644-7800<br>dnelson@tauntlaw.com |

# Exhibit 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Katherine Marie Sherrit,            Case No. 24-42642
                                                  Chapter 7
                                                  Judge Thomas J. Tucker

      Debtor.
_____/

## ORDER AUTHORIZING TRUSTEE TO RECOVER POSSESSION OF REAL PROPERTY

This case is before the Court on the Chapter 7 Trustee, Karen Evangelista's motion titled "Trustee's Motion for Order Authorizing Trustee to Recover Possession of Real Property" (Docket #__, the "Motion"). The Motion and Notice of the Motion were served by first class mail on Katherine Marie Sherrit (the "Debtor"), MarshaLee Dunkley, and all unknown occupants of the real property commonly known as 648 W. Hazelhurst, Ferndale, MI 48220 (the "Property"). No response was timely filed. The Court has reviewed the Motion and finds good cause to enter this Order.

IT IS ORDERED that:

1. The Motion is granted.

2. Trustee Karen E. Evangelista is entitled to recover possession of the Property pursuant to 11 U.S.C §541 and 542.

2

3. All occupants, including the Debtor and any other persons in actual or constructive possession or control of the Property must, within 7 days after entry of this Order ("Vacate Deadline"), do all of the following: 1) vacate and turn over the Property to the Trustee; 2) deliver all keys and garage door openers to Trustee's counsel, Dean R. Nelson, Jr., at 700 E. Maple Road, Second Floor, Birmingham, Michigan 48009; and 3) remove the occupants' personal property (non-fixtures) without causing damage to or leaving excess debris at the Property.

4. This Order constitutes a judgment under Fed. R. Bankr. P. 9002(5) which is enforceable immediately under Fed. R. Bankr. P. 7070 and Fed. R. Civ. P. 70.

5. If any occupants of the Property remain in possession of the Property after the Vacate Deadline, the Trustee may seek to domesticate this Order with an appropriate court of the State of Michigan for the purpose of carrying out the eviction of all such occupants and their non-fixture personal property.

# Exhibit 2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Katherine Marie Sherrit,                  Case No. 24-42642
                                                Chapter 7
                                                Judge Thomas J. Tucker

         Debtor.
_____/

## NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO RECOVER POSSESSION OF REAL PROPERTY

      Karen E. Evangelista, Trustee has filed a motion with the Bankruptcy Court seeking an order authorizing her to recover possession of Real Property located at 648 W. Hazelhurst St., Ferndale, MI 48220. This Motion is directed at Katherine Marie Sherrit, Marshalee Dunkley, and any other occupants. If granted, all occupants will be required to vacate the property within 7 days after entry of the order or the Trustee will be entitled to initiate eviction proceedings.

      A full recitation of the relief requested is itemized in the motion. A copy of the motion can be obtained by contacting the undersigned attorney.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

      If you do not want the court to grant the requested relief, or if you would like the court to consider your views on this motion, within fourteen (14) days you or your attorney must:

a. File with the Court a written response or an answer, explaining your position at: **United States Bankruptcy Court, 211 W. Fort Street, Attn: Clerk of the Court, Detroit, MI 48226**. If you mail a response to the Court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to: Dean R. Nelson, Jr.
The Taunt Law Firm
700 East Maple Road, 2nd Floor
Birmingham, MI 48009-6359

b. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

**THE TAUNT LAW FIRM**

/s/ Dean R. Nelson, Jr.
Dean R. Nelson, Jr. (P70818)
Attorney for Trustee
Dated: December 19, 2024 700 E. Maple Rd., Second Floor
Birmingham, MI 48009
248-644-7800
dnelson@tauntlaw.com

**Exhibit 3**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Katherine Marie Sherrit,    Case No. 24-42642
                            Chapter 7
                            Judge Thomas J. Tucker

                        Debtor.
_____/

## **CERTIFICATE OF SERVICE**

     I certify that on December 19, 2024, I electronically filed the foregoing Trustee's Motion for Order Compelling Turnover of Real Property and all exhibits thereto (the "Motion") via the Court's ECF system which will send notice to the following:

- Kevin C. Calhoun    kevin@lawyermich.com, kcalhoun@lawyermich.com;lmoll@lawyermich.com
- Sean M. Cowley (UST)    Sean.cowley@usdoj.gov
- Karen E. Evangelista    kee1008_tee@sbcglobal.net, MI30@ecfcbis.com;kee@trustesolutions.net
- Jack A. Gibson    jackgibson6716@sbcglobal.net
- John D. Gwyn    jgwyn@cmda-law.com
- Jacob Kahn    jkahn@dvs-law.com, cbrower@DDP-LAW.com;jwoo@dvs-law.com;jzinck@dvs-law.com
- Dean R. Nelson    dnelson@tauntlaw.com, ecarter@tauntlaw.com;mmartin@tauntlaw.com
- Karolina F. Perr    bankruptcy@woodlamping.com, kfperr@gmail.com

     I further certify that on December 19, 2024, I served, by United States first class Mail, a copy of the Motion as follows:

| | |
|---|---|
| MarshaLee Dunkley | Katherine Marie Sherrit |
| 648 W. Hazelhurst St. | 420 Silman St. |
| Ferndale, MI 48220 | Ferndale, MI 48220 |

2

All Occupants(s)
648 W. Hazelhurst St.
Ferndale, MI 48220

Katherine Marie Sherrit
648 W. Hazelhurst St.
Ferndale, MI 48220

Dated: December 19, 2024

/s/ Margaret A. Martin  
The Taunt Law Firm  
700 East Maple Road, Second Floor  
Birmingham, MI 48009

Exhibit 4 - Judgment

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Katherine Marie Sherrit,

    Debtor.
_____/

Case No. 24-42642
Chapter 7
Judge Thomas J. Tucker

Karen Evangelista, Chapter 7 Trustee,

    Plaintiff,

v.

MarshaLee Dunkley.

    Defendant.
_____/

Adversary No: 24-04402

## DEFAULT JUDGMENT AGAINST DEFENDANT

This adversary proceeding is before the Court on the motion of plaintiff Karen Evangelista, Chapter 7 Trustee ("Plaintiff") titled "Plaintiff's Motion for Default Judgment against Defendant MarshaLee Dunkley" (Docket # 6, the "Motion"). The Clerk entered a default against defendant MarshaLee Dunkley (the "Defendant") on December 4, 2024 (Docket # 5). Based on the representations contained in the Motion and allegations set forth in the Plaintiff's Complaint (Docket # 1, the "Complaint"), the Court finds good cause to enter this Default Judgment.

THE COURT FINDS as follows:

1. The Court has jurisdiction over this adversary proceeding.

2. The claims stated in the Complaint against Defendant are core proceedings for which this Court has the statutory and constitutional authority to enter a final judgment.

3. The Defendant has been properly served, yet failed to timely answer the Complaint or otherwise respond to it.

4. All allegations of the complaint are true based upon Defendant's failure to dispute them, despite having notice.

IT IS ORDERED as follows:

1. Judgment is granted in favor of Plaintiff Karen Evangelista, Chapter 7 Trustee, and against Defendant MarshaLee Dunkley, on Count I of the Complaint.

2. For recording purposes, this Judgment relates to real property (the "Property") commonly known as 648 W. Hazelhurst St., Ferndale, MI 48220 and legally described as follows:

> Land situated in the City of Ferndale, County of Oakland, and State of Michigan and more particularly described as follows:
>
> Lot 142 Elsinore Subdivision, as recorded in Liber 18 on Page 6 of Plats, Oakland County Records.
>
> Tax ID No.: 25-34-152-033

3. Under Count I of the Complaint, the transfer by Debtor Katherine Sherrit of the Property to Defendant MarshaLee Dunkley, by means of the "Quitclaim [sic] Deed" dated September 12, 2023 and recorded September 13, 2023 in Liber 58872, Page 397-399, Oakland County Records, is avoided based on all of the following: (i) 11 U.S.C. §§ 544(a) and 544(b)(1) [incorporating M.C.L. §§ 566.34(1)(a) and 566.35(1)], (ii) 11 U.S.C. § 548(1)(A), and (iii) 11 U.S.C. § 548(a)(1)(B).

4. Also under Count I of the Complaint, based on 11 U.S.C. § 550(a), the Property is recovered by the Plaintiff for the benefit of the bankruptcy estate of the Debtor in the main bankruptcy case (Case No. 24-42642), and is property of the bankruptcy estate.

This is a final Judgment that concludes this adversary proceeding, which now will be closed.

**Signed on December 4, 2024**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**